JOHN Q. CHANDLER, Plaintiff-Appellee, *v.* THE MUNICIPAL EMPLOYEES ANNUITY AND BENEFIT FUND OF CHICAGO, Defendant-Appellant.

First District (5th Division)    No. 80-634

Opinion filed May 8, 1981.

William R. Quinlan, Corporation Counsel, of Chicago (Robert R. Retke and Marsile J. Hughes, Assistant Corporation Counsel, of counsel), for appellant.

Ross Tyrrell, of Chicago, for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal under the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, par. 264 *et seq.*) from an order of the circuit court which reversed a decision of defendant (hereafter called the Fund) denying plaintiff duty disability benefits.

It appears that plaintiff, a member of the Fund, was in the employ of

the Chicago Board of Education as a window washer when, on June 11, 1974, he was injured in a work-related accident. He filed an application for benefits with the Fund in which he stated that he had injured his right ankle and knee. On August 21, 1974, the Fund, without conducting a hearing, granted him duty disability benefits for the period between June 21 and June 30, 1974, and ordinary disability benefits until his credit expired on August 31, 1975.[1]

Plaintiff then sought Workmen's Compensation benefits and, in January 1977, a lump sum settlement contract was approved by the Industrial Commission whereby plaintiff agreed to accept from his employer the sum of $10,204.95 for 63% permanent partial loss of the right leg and all medical and hospital expenses. It appears that he had also received $1,715.10 in temporary benefits. In March 1978, plaintiff applied for and received a refund of his annuity contributions to the Fund in the amount of $5,323.69.

On June 14, 1978, an attorney for plaintiff requested by letter "that a hearing time and date be set to present evidence as to why John Chandler should be granted a duty disability benefit retroactive to June 11, 1974." On July 31, 1978, the executive director of the Fund replied by letter that a hearing was granted. At this hearing, plaintiff testified in substance that while working as a window washer he fell on his right side—injuring his back, right knee, and right ankle; that he has not worked since the day after the accident and had continued pain in his back and right leg; and that he was unable to work due to the difficulty experienced in standing, walking, and lifting heavy objects. Offered and received in evidence were the Workmen's Compensation lump sum settlement contract, hospital records, reports of doctors, numerous prescriptions, and paid medical bills. On April 19, 1979, the Fund denied plaintiff's request for duty disability benefits.

On February 5, 1980, the circuit court reversed, finding that plaintiff was entitled to duty disability benefits beginning June 14, 1978, to be paid at the rate of 50% of his salary in view of his "preexisting condition of ill-being" and allowing the Fund a credit for monies received by plaintiff under the Workmen's Compensation Act and the contributions returned by the Fund in the form of a setoff for any benefits plaintiff would have been entitled to during the period from June 21, 1974, through June 13,

---

[1] Section 8—160 of the Pension Code (Ill.. Rev. Stat. 1977, ch. 108½, par. 8—160) provides that an employee who is disabled because of an accidental injury incurred in the performance of duty is entitled to duty disability benefits and, under section 8—161 (Ill. Rev. Stat. 1977, ch. 108½, par. 8—161, as amended by Ill. Rev. Stat., 1980 Supp., ch. 108½, par. 8—161), an employee who is disabled for any cause other than injury incurred in the performance of duty is entitled to ordinary disability benefits for a period determined by the total service of the employee.

1978, but in no event was the Fund to receive a setoff against any claim for disability commencing June 14, 1978.

OPINION

■■■ The principal contention by the Fund is that by receiving a refund of his annuity contributions, plaintiff surrendered and forfeited all rights to any benefits including any claim for duty disability. In support thereof, it cites section 8—168(2) of the Pension Code (Ill. Rev. Stat. 1977, ch. 108½, par. 8—168(2), as amended by Ill. Rev. Stat., 1980 Supp., ch. 108½, par. 8—168(2)) (the Code), which provides in part:

> "Upon [the employee's] receipt of the refund [of his annuity fund contributions], the employee surrenders and forfeits all rights to any annuity or other benefits, * * *."

We note, however, that section 8—168 is entitled "Refunds—Withdrawal before age 55 or with less than 10 years of service" and that the "employee" mentioned in section 168(2) is identified in section 168(1) (Ill. Rev. Stat. 1977, ch. 108½, 168(1), as amended by Ill. Rev. Stat., 1980 Supp., ch. 108½, par. 168(1)), as follows:

> "An employee, without regard to length of service, who withdraws before age 55, and any employee with less than 10 years of service who withdraws before age 60, shall be entitled to a refund of the accumulated sums to his credit, as of the date of withdrawal, * * *."

Plaintiff was 61 years old when he withdrew his annuity contributions and, thus, section 8—168(2) is not applicable to him. Moreover, we disagree with plaintiff's argument that this case is governed by section 8—171 of the Code (Ill. Rev. Stat. 1977, ch. 108½, par. 8—171 as amended by Ill. Rev. Stat., 1980 Supp., ch. 108½, par. 8—171), which provides in pertinent part:

> "In lieu of an annuity, an employee who withdraws and whose annuity would amount to less than $100 a month for life, may elect to receive a refund of his accumulated contributions for annuity purposes, based on the amounts contributed by him."

There has been no showing by plaintiff that his annuity would amount to less than $100 a month for life and, as a matter of fact, an exhibit in the record which is a letter from the executive director of the Fund to plaintiff states that his pension would be $100 per month. Thus, section 8—171 is not applicable.

The Fund does not in its brief, and did not on oral argument in this court, refer us to nor have we found any other section of the Code providing for the surrender or forfeiting of duty disability benefits when annuity fund contributions are refunded. We conclude that plaintiff did not forfeit his rights thereto.

The Fund makes another contention, which is stated as follows:

"The judgment is based only upon the court's reweighing the evidence and fails to show that any action of the Board [the Fund] was against the manifest weight of the evidence."

It is correct, as stated by the Fund, that the findings and conclusions of an administrative agency on issues of fact are deemed to be prima facie correct (Ill. Rev. Stat. 1977, ch. 110, par. 274; *Leu v. Department of Registration & Education* (1980), 88 Ill. App. 3d 255, 410 N.E.2d 467) and that they will be upheld on review unless they are against the manifest weight of the evidence (*Green v. Board of Fire & Police Commissioners* (1980), 87 Ill. App. 3d 183, 408 N.E.2d 1187).

However, this contention of the Fund is directed only to its 1974 decision, concerning which it argues:

"[T]he circuit court's findings 1) and 2) fail to find that the Board's [Fund's] 1974 decision was contrary to the manifest weight of the evidence. Such findings should not be accepted by this court as proper findings against the Board. Therefore the judgment herein should be reversed in its entirety."

The judgment appealed from reversed the April 19, 1979, decision of the Fund, and the quoted language, which is the only supporting argument made, of course does not provide any basis to overturn that judgment. We conclude that there is no merit in the contention.

Another contention of the Fund is expressed as follows:

"The judgment requires the Board [the Fund] to perform acts which the Pension Code has not authorized the Board [the Fund] to perform."

In support thereof, it states only that the judgment should be reversed because it "improperly ascribed to the Board [the Fund] authority in excess of that authorized by the Pension Code."

Pertinent to this contention, the order appealed from provided that (1) the Fund was entitled to a credit for the amounts received by plaintiff in the refund of his annuity contributions and from his Workmen's Compensation Act settlement; (2) this credit was allowed as "a setoff for any duty or ordinary disability benefits to which the plaintiff would be entitled from June 21, 1974 up to and including June 13, 1978"; and (3) "in no event shall the Fund be allowed to take a credit for any monies paid to the plaintiff as a setoff against any claim for disability commencing June 14, 1978, the date on which the plaintiff made his second application to the fund for duty disability benefits."

The Fund cites section 8—161.1(b) of the Code (Ill. Rev. Stat. 1977, ch. 108½, par. 8—161.1(b)), which provides:

"If application for disability benefit is not filed with the Retirement Board within 90 days from the date the disability applicant

became disabled or last received salary if salary was continued during the period of disablement, no disability benefit shall begin to accrue for any period of time more than 90 days prior to the date on which the application for disability benefit is received by the Board."

On the basis of this provision, the Fund appears to argue that the June 14, 1978, letter of plaintiff's attorney, requesting a hearing, was a second application for benefits and, because under section 8—161.1(b) plaintiff would be entitled to benefits no earlier than 90 days prior to the date of that "second application," the court impaired the Fund's right to a setoff by disallowing any credit after June 13, 1978.

■■ We reject this argument, because it is our view that plaintiff presented only the one application of June 15, 1974, on which the Fund acted without a hearing. The so-called second application was a letter to the Fund dated June 14, 1978, from plaintiff's attorney, requesting "that a hearing be set to establish plaintiff's entitlement to duty disability benefits retroactive to the accident date of June 11, 1974." In granting the hearing, it appears clear that the Fund considered it to be a rehearing of·the 1974 application, as it noted in its April 19, 1979, decision that "Mr. Chandler did not request the Board [the Fund] for a hearing and a consideration of his claim until June 14, 1978 [the date of the request by plaintiff's attorney for a hearing.]."

■■ The Fund finally contends that the trial court erred in admitting the Workmen's Compensation settlement contract and related exhibits to show liability and extent of injury. We disagree. We find that defendant waived this issue by failing to object in the trial court to this evidence, as objections to admissibility cannot be made for the first time in a court of review. (*People ex rel. Ball v. Anderson* (1961), 21 Ill. 2d 396, 172 N.E.2d 760, *cert. denied* (1961), 368 U.S. 18, 7 L. Ed. 2d 86, 825, S. Ct. 137; *Bonczkowski v. Kucharski* (1958), 13 Ill. 2d 443, 150 N.E.2d 144.) In any event, the Fund has raised no question in its brief concerning liability or extent of injury. It makes no assertion that its decision of April 19, 1979, was not supported by the weight of the evidence and, in fact, nowhere in its brief does it dispute that plaintiff had a work-related injury on June 11, 1974, or that he was entitled to duty disability benefits.

In view of our findings above, however, it is necessary to consider the action of the trial court with respect to the Fund's setoff. In the order appealed from, the court found that the Fund was entitled to a credit against plaintiff's disability benefits for the amounts received by him in the refund of his annuity contributions and under the Workmen's Compensation Act. The court, in the order appealed from, allowed a setoff of those amounts against any benefits "to which plaintiff would be entitled from June 21, 1974, up to and including June 13, 1978," but that "[i]n no

event shall the Fund be allowed to take a credit for any monies paid to the plaintiff as a setoff against any claim for disability commencing June 14, 1978, the day of which the plaintiff made his second application to the Fund for duty disability benefits." Having found there was no second application, we reverse that portion of the court's order which limited the setoff to the period stated and denied it after June 14, 1978, and will remand this matter for the trial court to determine the setoff to which the Fund is entitled on the basis that plaintiff made only one application for benefits. Although there may be circumstances unknown to this court which dictate to the contrary, it appears that this should be effected by determining the benefits to which plaintiff would be entitled and deducting therefrom the amount of the Fund's setoff.

In all other respects, the order appealed from is affirmed.

Affirmed in part, reversed in part, and remanded with directions.

LORENZ and WILSON, JJ., concur.